UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>           Plaintiff,<br>v.<br><br>G-FORCE LOGISTICS, INC., and JOE GIACOMETTO, individually,<br><br>           Defendants. | CIVIL ACTION NO. 5:20-CV-5025<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff Eugene Scalia, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendants from violating the provisions of sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211 and 215, and to restrain Defendants from withholding payment of overtime compensation due: (1) Defendants' employees, named in Exhibit A, for the period of time from March 6, 2017, through March 5, 2019; and (2) Defendants' employees, including but not limited to those persons named in Exhibit A, for the period of time between March 6, 2019, and the date of judgment; together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

## THE PARTIES

1. Plaintiff Eugene Scalia is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the FLSA's overtime and recordkeeping provisions. 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2. Defendant G-Force Logistics, Inc., is and at all relevant times was a South Dakota corporation with a principal place of business in South Dakota, within the jurisdiction of this Court, and at all times hereinafter mentioned, performing package delivery services.

3. Defendant Joe Giacometto, an individual, resides in South Dakota, within the jurisdiction of this Court. He is and at all relevant times was the owner of the corporate Defendant.

4. Defendant Joe Giacometto acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring, firing, and compensation decisions, and managing the day-to-day operations of the company. Joe Giacometto is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §

1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendant has its principal office in this Judicial District.

## FLSA STATUTORY COVERAGE

7. At all relevant times, G-Force Logistics, Inc., has been an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in handling goods or materials that have been moved in or produced for commerce by any person, and in that it has an annual gross volume of sales made or business done of not less than $500,000.

## OVERTIME VIOLATIONS

8. Defendants willfully violated the provisions of §§ 7 and 15(a)(2) of the FLSA by employing certain of their employees in excess of 40 hours per week without compensating said employees time-and-one-half wages for hours over 40 in such workweeks.

9. Specifically, Defendants violated the FLSA's overtime provisions by paying employees a flat daily rate and not compensating their employees time-and-one-half wages for hours over 40 in a workweek.

10. For example, one employee of G-Force Logistics, Inc. drove 52.13 hours in the workweek ending December 22, 2018. He received his daily rate of $120.00 per day for five days, for a total of $600.00. He did not receive an overtime premium for the 12.13 hours worked over 40 hours.

11. Defendants also violated the FLSA's overtime provisions by failing to include regular, nondiscretionary bonuses in employees' regular rates. 29 U.S.C.

§ 207(e), 29 C.F.R. § 778.108. For example, Defendants awarded "premium stop pay" to some employees for making extra stops, and "safety/service bonuses" to some employees each month that the employees had no service or safety issues. These payments were promised to and expected by Defendants' employees and thus were nondiscretionary bonuses that must be included in employees' regular rates.

### RECORD KEEPING VIOLATIONS

12.     Defendants have violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, in that since at least March 6, 2017, Defendants failed to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment maintained by Defendants, as prescribed by the regulations promulgated pursuant to § 11(c) at 29 C. F. R. § 516, in that the records kept by Defendants fail to show the regular rate of pay and the overtime earnings for each workweek.

### PRAYER FOR RELIEF

13.     As a result of the violations alleged above, unpaid overtime compensation is owing from Defendants to certain of Defendants' present and former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for work performed from March 6, 2017, to March 5, 2019.

14.     Inasmuch as the violations may have continued after Plaintiff's investigation, additional amounts for unpaid overtime compensation are owing to certain of these employees and for employees who are not presently known to

Plaintiff in amounts presently unknown to Plaintiff from March 6, 2019, to the present.

15.  Defendants have violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.  For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B.  For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid overtime compensation due Defendants' employees for the periods from March 6, 2017, to March 5, 2019; and such additional amounts as may be found by this Court to be due for the period from March 6, 2019, until the date of judgment; and for equal additional amounts as liquidated damages;

C.  In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees and pre-judgment

interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.  A monetary award to Plaintiff for the costs of this action; and

E.  Such other and further relief as this Court deems just and appropriate.

Dated this 17th day of April, 2020.

> Kate O'Scannlain
> Solicitor of Labor
>
> John Rainwater
> Regional Solicitor
>
> Timothy S. Williams
> Acting Associate Regional Solicitor
>
> Lydia Tzagoloff
> Counsel for Wage and Hour
>
> Summer Silversmith
> Trial Attorney
> United States Department of Labor
> 1244 Speer Blvd, Ste 515
> Denver, CO 80204
> Phone: 303.844.5246
> Fax: 303.844.1753
> silversmith.summer@dol.gov
>
> RONALD A. PARSONS, JR.,
> UNITED STATES ATTORNEY
>
> /s/ Cheryl Schrempp DuPris
> Cheryl Schrempp DuPris
> Assistant United States Attorney
> P.O. Box 7240
> Pierre, SD 57501
> (605) 224-5402
> Fax: (605) 224-8305
> Cheryl.Dupris@usdoj.gov

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR

### DEFENDANTS
G-FORCE LOGISTICS, INC., and JOE GIACOMETTO, individually

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Pennington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cheryl Schrempp DuPris, Assistant U.S. Attorney
PO Box 7240, Pierre, SD 57501 / (605) 224-5402

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | [X] 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 865 RSI (405(g)) | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 201-219
Brief description of cause:
Suit to enforce provisions of FLSA, to recover back wages for employees, and seek injunctive relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 04/17/2020
SIGNATURE OF ATTORNEY OF RECORD: *Cheryl Schrempp DuPris*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____