UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>            Plaintiff,<br><br>   vs.<br><br>G-FORCE LOGISTICS, INC., and JOE GIACOMETTO, individually,<br><br>            Defendants. | CIV. 20-5025-JLV<br><br>ORDER FOR<br>DEFAULT JUDGMENT |

On April 17, 2020, plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, filed a complaint against defendants G-Force Logistics, Inc., and Joe Giacometto, individually and jointly and severally, ("Defendants") alleging Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or "Act").   (Docket 1). Secretary Scalia alleges Defendants violated the FLSA by failing to pay overtime to employees who worked in excess of 40 hours during the workweek and by failing to make, keep and preserve accurate records of employee wages in violation of the overtime and record keeping provisions of the FLSA, 29 U.S.C. §§ 207 & 215.  Id.   Both defendants were served with the summons and complaint on April 17, 2020.   (Docket 4).   Defendants failed to plead or defend in this action and default was entered pursuant to Fed. R. Civ. P. 55(a) by the Clerk of Court on June 2, 2020.   (Docket 7).

On July 8, 2020, plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Docket 9).  With the motion, plaintiff filed an affidavit of Sharon Holt, an investigator with the Wage and Hour Division, together with six exhibits in support of default pursuant to Fed. R. Civ. P. 55(b)(2).  (Docket 9-1).

The overtime provisions of the FLSA extend to employees of any "enterprise" with the requisite connection to interstate commerce.  29 U.S.C. § 207.  G-Force Logistics, Inc., is an enterprise engaging in interstate commerce which transports packages which have crossed state lines throughout South Dakota, Montana, and Wyoming and reported an annual gross dollar volume of not less than $500,000 in 2016 through 2018.  (Docket 9-1 ¶¶ 3 & 5; see also 29 U.S.C. §§ 203(s)(1)(A)(i) & (ii)).

The FLSA provides that an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  Solis v. Hill Country Farms, Inc., 808 F. Supp. 2d 1105, 1115 (S.D. Iowa 2011), *aff'd*, 469 F. App'x 498 (8th Cir. 2012); see also Wirtz v. Pure Ice Co., 322 F.2d 259, 263 (8th Cir. 1963) (a finding of individual liability under the FLSA would be "well supported" where there is "a combination of stock ownership, management, direction and the right to hire and fire employees[.]").

Joe Giacometto is the sole owner of G-Force Logistics, Inc. (Docket 9-1 ¶ 4). He is in charge of hiring and the supervision of all the corporation's employees. Id. He sets pay rates, the employees turn in their weekly time reports to him and he determines when to award bonuses. Id. Mr. Giacometto has full operational control and authority of the corporation and is responsible for all pay policies. Id.

Mr. Giacometto is an "employer" under the FLSA. 29 U.S.C. § 203(d). As an employer, he is jointly and severally liable with G-Force Logistics, Inc., for unpaid wages under the FLSA. Solis, 808 F. Supp. at 1115; Wirtz, 322 F.2d at 263.

An employer covered by the FLSA is required to "make, keep, and preserve" records of the "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211. By failing to keep a record of employees' regular rates and applicable overtime premiums, a defendant violates the Act's record keeping provisions. Hearnsberger v. Gillespie, 435 F.2d 926, 932 (8th Cir. 1970). See also Brennan v. Valley Towing Co., 515 F.2d 100, 111 (9th Cir. 1975) ("Once the company became subject to the overtime provisions of § 207, it was obliged to comply with the Secretary's record keeping regulations promulgated under § 211(c).").

OVERTIME WAGES

The FLSA requires covered employers to pay one and one-half times an employee's "regular rate" for hours over forty in a workweek. 29 U.S.C.

§ 207(a).  An employee's regular rate of pay includes "all remuneration for employment paid to, or on behalf of, the employee" except for certain statutory exclusions which are not applicable in this case.  29 U.S.C. § 207(e).  The employer is required to include nondiscretionary bonuses in an employee's regular rate for purposes of computing overtime.  Id.; see also 29 C.F.R. § 778.108.

Defendants violated the FLSA's overtime provisions in two ways: (1) by paying a flat day rate plus "premium stop pay" that did not account for overtime hours worked; and (2) by not including an employee's monthly "safety/service bonus" in the regular rate.  (Docket 9-1 ¶¶ 8 & 13).  Based on Defendants' records, the employees were not paid time and one-half of their regular rate when they worked more than 40 hours in a workweek.  Id. ¶ 12.  Based on Investigator Holt's calculations, ten current and former employees are due unpaid overtime wages totaling $37,008.12.  Id. ¶ 16 (referencing Docket 9-1 at pp. 46-48).  These overtime wages cover the time period of March 6, 2017 to March 5, 2019.  Id. ¶ 2; see also id. at pp. 46-48.

LIQUIDATED DAMAGES

An employer who violates the overtime provisions of the FLSA is liable for unpaid wages and an equal amount as liquidated damages.  29 U.S.C. § 216.  "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation of

the [FLSA] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C. § 216]." 29 U.S.C. § 260. "The employer bears the burden of proving good faith and reasonableness . . . with double damages being the norm and single damages the exception." Chao v. Barbeque Ventures, LLC, 547 F.3d 938, 941-42 (8th Cir. 2008) (internal quotation marks and citation omitted).

During Investigator Holt's examination of Defendants' business practices and payroll records, Mr. Giacometto refused to answer any questions relating to his pay practices and the failure to pay overtime. (Docket 9-1 ¶ 18). He did not provide Investigator Holt with any evidence or explanation of his good faith or reasonable grounds for the corporation's failure to comply with the FLSA or for failing to pay overtime. Id. Defendants are liable to the ten current and former employees for liquidated damages of $37,008.12 under the FLSA. 29 U.S.C. § 216.

INJUNCTIVE RELIEF

The FLSA grants the court the power to enjoin future FLSA violations. 29 U.S.C. § 217. "Where the Secretary has established violations of the Act, the district court should ordinarily grant injunctive relief, even if the employer is in present compliance, unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations." Marshall v. Van Matre, 634 F.2d 1115, 1118 (8th Cir. 1980).

Defendants by their business practices and default in this litigation have given no indication to the Secretary or the court they are in compliance with

the FLSA or intend to comply with the Act in the future.  By their conduct, Defendants cannot meet their high burden to show there is no reasonable probability that violations of the FLSA will not occur in the future.  The court finds injunctive relief is required to assure the Defendants remain in compliance with the FLSA.  Id.

PREJUDGMENT INTEREST

Plaintiff is not entitled to recover prejudgment interest.  "It is settled that the FLSA does not permit successful plaintiffs to obtain prejudgment interest in addition to liquidated damages because that would enable them to obtain double recovery."  Gibson v. Mohawk Rubber Co., 695 F.2d 1093, 1102 (8th Cir. 1982).  "Allowance of interest on minimum wages and liquidated damages recoverable under [29 U.S.C. § 216(b)] tends to produce the undesirable result of allowing interest on interest. . . . Congress by enumerating the sums recoverable in an action under [29 U.S.C. § 216(b)] meant to preclude recovery of interest on minimum wages and liquidated damages."  Id. (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715-16 (1945)).

CONCLUSION

The court concludes plaintiff is entitled to a default judgment pursuant to Rule 55(b)(2).  The court finds it is not necessary to conduct a hearing because plaintiff's affidavit and exhibits appropriately support plaintiff's right to recover a money judgment and injunctive relief.  Fed. R. Civ. P. 55(b)(2).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion for default judgment (Docket 9) is granted.

IT IS FURTHER ORDERED that plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, is entitled to entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against the defendants, G-Force Logistics, Inc., and Joe Giacometto.

IT IS FURTHER ORDERED that plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, is entitled to a money judgment against the defendants, G-Force Logistics, Inc., and Joe Giacometto, individually and jointly and severally, for the following amounts:

| | |
|---|---|
| Overtime compensation | $37,008.12 |
| Liquidated damages | $37,008.12 |
| Total money judgment | $74,016.24 |

IT IS FURTHER ORDERED that the defendants shall pay this money judgment by cashier's check in the amount of $74,016.24, made payable to the "U.S. Department of Labor, Wage Hour Division," and delivered to the U.S. Department of Labor, Wage and Hour Division, 525 South Griffin Street, Suite 800, Dallas, Texas, 75052.  Alternatively, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77705201 or by going to www.pay.gov and searching for "WHDBWSW."  The back wage case number for this matter is 1873119.

IT IS FURTHER ORDERED that Defendants shall make this payment no later than 30 days after the date of the service of this order upon them.   If

defendants fail to make full payment within 30 days, they shall be in default and any defaulted balance shall be subject to the assessment of interest, penalty interest rates and collection costs as required by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3717.

IT IS FURTHER ORDERED that upon receipt of full payment plaintiff shall file with the court a certificate of payment and plaintiff's representatives shall distribute the amounts due to each of the following named employees, less appropriate deductions for federal income tax withholding and the employee's share of the social security tax ("FICA"):

| NAME | OVERTIME WAGES DUE | LIQUIDATED DAMAGES DUE | TOTAL |
|---|---|---|---|
| Monte Barney | $164.94 | $164.94 | $329.88 |
| Les Bonrud | $9,069.29 | $9,069.29 | $18,128.58 |
| Dennis Coy | $5,041.51 | $5,041.51 | $10,083.02 |
| Clayton Ford | $6,376.91 | $6,376.91 | $12,753.82 |
| William Hansen | $7,091.53 | $7,091.53 | $14,183.06 |
| Brian Lee | $698.85 | $698.85 | $1,397.70 |
| James Otis | $757.56 | $757.56 | $1,515.12 |
| Robert Petty | $7,198.00 | $7,198.00 | $14,396.00 |
| Byron Red Bird | $412.71 | $412.71 | $825.42 |
| Brian Rowland | $201.82 | $201.82 | $403.64 |

IT IS FURTHER ORDERED that defendants shall be responsible for the employer's share of FICA related to the overtime wages distributed by plaintiff.

IT IS FURTHER ORDERED that any payments which cannot be distributed to one or more of the employees or their personal representatives because of the inability to locate the proper recipient or any recipient's refusal to accept payment shall be held by plaintiff for three years after which the funds shall be deposited as miscellaneous receipts into the United States Treasury.

IT IS FURTHER ORDERED that plaintiff is entitled to post judgment interest, compounded annually pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that the Clerk of Court shall tax the appropriate costs in this action in favor of plaintiff pursuant to Civil Local Rule 54.1.

IT IS FURTHER ORDERED that plaintiff's request for injunctive relief (Dockets 1 at p. 5 & 9 at pp. 9-10) is granted.  A permanent injunction will be entered as a separate order.

Dated July 23, 2020.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE